UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. LYNCH, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:23-cv-02145-JDP (PC)<br><br>**ORDER**<br><br>DIRECTING THE COURT OF CLERK TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>ECF Nos. 1 & 2<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 2. However, plaintiff is a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g). *See Miller v. Montgomery*, 2:23-cv-00100-TLN-EFB (PC) (designating plaintiff as a "three-striker").

　　　　The court takes judicial notice of the following cases constituting strikes: (1) *Miller v. Alameda*, 2:21-cv-00653-TLN-JDP (dismissed February 1, 2022 for failure to state a claim); (2) *Miller v. Thomas*, 2:21-cv-02103-KJM-EFB (dismissed May 23, 2022 for failure to state a

claim); (3) *Miller v. McTaggart*, 2:21-cv01521-WBS-CKD (E.D. Cal.) (dismissed November 24, 2021 for failure to prosecute after plaintiff failed to file an amended complaint after the court dismissed the complaint for failure to state a claim);[1] and (4) *Miller v. Moseley*, 2:21-cv-2252-TLN-KJN (E.D. Cal.) (dismissed June 3, 2022 for failure to prosecute after plaintiff failed to file an amended complaint after the court dismissed the complaint for failure to state a claim). Despite being a "three-striker," a plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if she alleges that she was in imminent danger at the time she filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The court must determine if the potential harm amounts to "serious physical injury" and whether the threat is "imminent." *Cervantes*, 493 F.3d at 1055-56. A prisoner fails to meet the exception where claims of imminent danger are conclusory. *Id.* at 1057 n.11. Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

The complaint does not demonstrate that plaintiff was in imminent danger at the time she filed the complaint—which is when a court must assess whether the plaintiff faced imminent danger—and so she does not fit into the exception contained within § 1915(g).[2] The complaint alleges that plaintiff, a transgender inmate, is being denied her right under California Senate Bill No. 132, also known as "The Transgender Respect, Agency, and Dignity Act," to be housed at a

---

[1] In *Harris v. Mangum*, the Ninth Circuit held that "when (1) a district court dismissed a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." 863 F.3d 1133, 1143 (9th Cir. 2017).

[2] The plain language of the imminent danger clause in § 1915(g) indicates that imminent danger is to be assessed at the time of filing of the original complaint ("In no event shall a prisoner *bring a civil action* . . ." (emphasis added)). *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *Bradford v. Usher*, Case No. 1:17-cv-01128-DAD-SAB, 2019 WL 4316899, *4 (E.D. Cal. Sept. 12, 2019) ("[I]mminent danger for purposes of § 1915(g) is to be measured at the time of the commencement of the action.").

woman's institution.  ECF No. 1; Cal. Penal Code §§ 2605, 2606 (West 2021).  ECF No. 1.  Plaintiff requests to be transferred so that she will be safe from any potential sexual harassment or assault.  The complaint alleges generalized fear of potential harm.  This does not satisfy the imminent danger exception.  *See Cervantes*, 493 F.3d at 1053.  Plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with this action.

        Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

        Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED, and that plaintiff be directed to tender the filing fee within thirty days of any order adopting these recommendations.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 6, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE